UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COREY MOORE,

       Plaintiff,

v.

COUNTY OF ONONDAGA, NEW YORK; SHERIFF TOBIAS
SHELLEY; CHIEF JOHN DRAPIKOWSKI; UNDERSHERIFF
JEFFREY PASSINO; CARL HUMMEL, COMMISSIONER,
ONONDAGA COUNTY PERSONNEL DEPARTMENT; and
JOHN DOE(S) and JANE DOE(S), in their individual and official
capacities as officials, officers, agents, employees, and/or
representatives of Onondaga County and/or the Onondaga
County Sheriff's Office,

       Defendants.
_____

Jury Trial Demanded

**COMPLAINT**

5:25-cv-00254 (ECC/TWD)

       Plaintiff COREY MOORE, by and through his attorneys, Bosman Law, LLC, as and for a Complaint against Defendants COUNTY OF ONONDAGA, NEW YORK; SHERIFF TOBIAS SHELLEY; CHIEF JOHN DRAPIKOWSKI; UNDERSHERIFF JEFFREY PASSINO; CARL HUMMEL, Commissioner, Onondaga County Personnel Department; and JOHN DOE(S) and JANE DOE(S), in their individual and official capacities as officials, officers, agents, employees, and/or representatives of Onondaga County and/or the Onondaga County Sheriff's Office, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1983, based on rights under the First and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. § 1981; the New York State

Human Rights Law, N.Y. Exec. Law § 296, *et seq.*; and New York State common law.

## JURISDICTION

2. Jurisdiction is conferred upon this Court pursuant to the Constitution and laws of the State of New York and the United States of America.

## VENUE

3. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Corey Moore is a citizen of the United States and a resident of the County of Onondaga and State of New York. He was at all times relevant herein an employee of the Onondaga County Sheriff's Office since on or about September 2009. Plaintiff was hired as a Deputy, promoted to Sergeant in August 2015, promoted to Lieutenant in March 2017, and promoted to Captain in April 2023. Plaintiff was obligated, pursuant to his oath and regulations, to report and oppose discrimination and retaliation.

5. Defendant County of Onondaga, New York is a municipal corporation organized and existing under the laws of the State of New York and at all relevant times had its principal place of business at 421 Montgomery Street, Syracuse, New York 13202. At all times relevant hereto, this Defendant employed Plaintiff and the named individual Defendants.

6. The Onondaga County Sheriff's Office is a part of the County of Onondaga municipal corporation organized and existing under the laws of the State of New

York and at all relevant times had its principal place of business at 407 South State Street, Syracuse, New York 13202. Onondaga County and the Onondaga County Sheriff's Office are by law responsible for the wrongdoing of their officers and employees and by law responsible for the direct participation in and endorsement of the discriminatory and unlawful customs, policies, and practices of the other Defendants. Onondaga County and the Onondaga County Sheriff's Office were also aware, through their officers, representatives, and agents, of the long-standing discriminatory and unlawful customs, policies and practices of the other named Defendants, and deliberately and/or negligently failed to take action to correct the discriminatory customs, policies and practices of the other Defendants

7. Defendant Tobias Shelley, at all times relevant to this Complaint, is the duly elected Sheriff of Defendant Onondaga County and as such is the employer of Plaintiff and a policymaking official within the Onondaga County Sheriff's Office, carrying out the directives and enforcing and enacting policies and acts, both as recommended by him and as endorsed by the Onondaga County Sheriff's Office and Defendant County. He is responsible, by law, for enforcing the rules and regulations of the State of New York and County of Onondaga for ensuring that employees of the Onondaga County Sheriff's Office obey the laws of the State of New York and the United States. As one of Plaintiff's supervisors during his employment, he had the power to make personnel decisions regarding Plaintiff's employment.

8. Defendant Jeffrey Passino, at all times relevant to this Complaint, is the duly appointed Undersheriff of Defendant Onondaga County and as such is the

employer of Plaintiff and a policymaking official within the Onondaga County Sheriff's Office, carrying out the directives and enforcing and enacting policies and acts, both as recommended by him and as endorsed by Defendant Sheriff Shelley, the Onondaga County Sheriff's Office, and Defendant County. He is responsible, by law, for enforcing the rules and regulations of the State of New York and County of Onondaga for ensuring that employees of the Onondaga County Sheriff's Office obey the laws of the State of New York and the United States. As one of Plaintiff's supervisors during his employment, he had the power to make and/or participate in personnel decisions regarding Plaintiff's employment.

9. Defendant John Drapikowski, at all times relevant to this Complaint, was a duly appointed Deputy Chief for the Onondaga County Sheriff's Office and as such is the employer of Plaintiff. He is responsible, by law, for enforcing the rules and regulations of the State of New York and County of Onondaga for ensuring that employees of the Onondaga County Sheriff's Office obey the laws of the State of New York and the United States. As one of Plaintiff's supervisors during his employment, he had the power to make and/or participate in personnel decisions regarding Plaintiff's employment.

10. Defendant Carl Hummel, at all times relevant to this Complaint, was the duly appointed Personnel Commissioner of Onondaga County and as such is the employer of Plaintiff. He is responsible, by law, for enforcing the rules and regulations of the State of New York and County of Onondaga for ensuring that employees of the Onondaga County Sheriff's Office obey the laws of the State of

New York and the United States. He was an official empowered to make and/or participate in personnel decisions regarding Plaintiff's employment.

11. All of the above-named Defendants are responsible for the establishment and perpetuation of a hostile work environment, as well as the discriminatory and retaliatory policies, customs, and practices complained of herein. Defendants further aided and abetted the unlawful conduct complained of herein. Defendants are all equally responsible and legally accountable for the unlawful conduct of each other for their actions and/or failure to intercede and prevent the unlawful, hostile, discriminatory and retaliatory conduct.

12. During all times mentioned in this Complaint, Defendants were acting under color of law, namely, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the State of New York and the County of Onondaga in the State of New York.

## **CONDITIONS PRECEDENT**

13. On or about May 7, 2024, Plaintiff filed a complaint of discrimination, hostile work environment, and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC). Plaintiff's EEOC complaint was cross-filed with the New York State Division of Human Rights pursuant to a work-share agreement between the two agencies.

14. On or about May 7, 2024, a verified Notice of Claim was duly and timely served on Defendant County of Onondaga. At least 30 days has elapsed since service of such Notice of Claim and payment thereof has been refused.

15. On or about January 3, 2025, the EEOC issued Plaintiff a Right to Sue letter.

16. Plaintiff commences this action within the time limits allotted therefor.

## FACTS

17. The instant claims are based on a continuing course of wrongful and unlawful conduct by Defendants to subject Plaintiff to discrimination on the basis of race, and to retaliate against him for complaining about discrimination or supporting others subjected to discrimination.

18. Defendants have a duty to Plaintiff, by contract, statute, and common law to provide Plaintiff a safe and harassment-free workplace free of discrimination, intimidation, retaliation, bullying, or intentional infliction of emotional distress.

19. At all times relevant herein, Plaintiff Corey Moore was an "employee" of Defendants and Defendants were "employers" of Plaintiff and/or aiders and abettors as provided for by the Human Rights Law of the State of New York.

20. Plaintiff is a Black male and his protected status is known to Defendants.

21. The acts of Defendants are such that they had both actual and constructive knowledge of the misconduct of the other Defendants and, as such, are jointly and severally liable to Plaintiff for the unlawful discrimination, retaliation, harassment, humiliation, and other damages caused to him.

22. At all times relevant to this Complaint, Defendants acted both individually and/or jointly and in concert with each other. Each Defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other Defendants, but each Defendant failed and/or refused to perform such duty, thereby proximately contributing to and causing Plaintiff's injuries.

23. Plaintiff observed and reported, *inter alia*, occurrences and/or a pattern of behavior among the Sheriff's Office administration of holding Black employees to higher standards and subjecting them to more serious discipline than white employees for the same or similar conduct.

24. One example of such disparate treatment occurred in or about May 2023. Plaintiff sat in on a termination meeting for a Black probationary Deputy. The deputy was terminated and told by Defendant Drapikowski that she was not meeting standards. However, Plaintiff is aware of a probationary white deputy with severe performance issues, including claims of dereliction of duty, who was afforded numerous opportunities and training and not terminated. When Plaintiff was ordered to place the white deputy on a field training assignment, he objected to the disparate treatment. This complaint was made to Assistant Chief Martin Ferguson. Ferguson reported Plaintiff's objections to Defendant Chief Drapikowski, who responded by claiming there was not a race issue.

25. In or about October 2023, Plaintiff intervened when Chief Drapikowski recommended an investigation into a Black deputy for refusing an assignment. This recommended discipline was unduly harsh. Plaintiff was aware that Drapikowski had only recommended counseling (rather than a full investigation) for a white deputy who had similarly refused an assignment only a month prior. When Plaintiff complained about the racial disparity in discipline to Chief Drapikowski, he again denied that race or discrimination was a factor.

26. On another recent occasion, a Black deputy reported to Plaintiff that he had overheard a white deputy refer to an inmate by a racial slur. The deputy had

reported the slur to his supervisor who was unable to resolve the incident at his level and forwarded the matter to Plaintiff who duly forwarded the report to Internal Affairs investigators. Plaintiff never received any response or update regarding the results of the Internal Affairs investigation, despite past custom and common practice to do so, particularly given Plaintiff's rank.

27. In or about February 2024, Plaintiff served as the project leader on a round of promotions for one Lieutenant and two Sergeant positions. Plaintiff was responsible for setting up interviews, assembling the panel, and presenting the results. The panel unanimously recommended Anthony Tineo, a Hispanic man, for one of the open Sergeant positions as he was the most qualified candidate. Despite this recommendation, Defendant Sheriff Shelley selected a white candidate for promotion instead, one who was the least recommended and less qualified.

28. As with the other unsuccessful candidates, Plaintiff was responsible for informing Tineo that he was not selected, and did so on February 13, 2024. Plaintiff also informed Tineo that he was unanimously recommended for the position by the promotional panel and that he felt the decision to pass him over was the result of discrimination.

29. Approximately one week later, on February 20, 2024, Plaintiff was subjected to a retaliatory interrogation by the Internal Affairs Division, prompted by Defendants Shelley, Drapikowski, Passino and/or Does, as to whether he disobeyed a purported order not to notify unsuccessful candidates. Plaintiff did not disobey an order or otherwise engage in any misconduct.

30. Thereafter, on February 28, 2024, Plaintiff was served with disciplinary charges and suspended. The sought-after penalty was a thirty-day suspension without pay and demotions to the rank of sergeant.

31. The discipline and suspension of Plaintiff was retaliatory and intended to punish him for reporting and/or opposing the discrimination against and disparate treatment of Tineo and others, as well as to deter him and others from doing so in the future. Additionally, said discipline and suspension was discriminatory based on race inasmuch as Plaintiff is aware of white officers alleged to have engaged in alleged misconduct of greater severity that have not been treated as harshly as Plaintiff. Defendants acted pursuant to a custom, policy, and practice within Onondaga County and its Sheriff's Office Administrative staff to disregard and/or minimize, and thereby endorse, racial discrimination while retaliating against those who oppose, report or otherwise bring it to light.

32. On February 29, 2024, Plaintiff was placed on suspension without pay for thirty days. Upon his return on April 1, 2024, Plaintiff was further discriminated and retaliated against by Defendants stripping him of his authority and duties as a Captain, locking him out of his primary workspace. He was subjected to humiliation by Defendants stationing him at headquarters and requiring him to be escorted to his new workspace. This reassignment was punitive, retaliatory, and outside the normal duties of a superior officer. Plaintiff was forced to sit in a room with little or no work and stripped of duties related to his title.

33. Plaintiff was informed also, on April 1, 2024, that he was the subject of another Internal Affairs investigation for alleged harassment regarding an inquiry he made

of a deputy who had attended a fundraiser for Defendant Sheriff Shelley. Plaintiff was advised by Defendant Drapikowski that he was used as an example of the Department's achievement in racial diversity at the political fundraiser. Plaintiff made inquiry of a deputy who had been present at that event regarding such use of Plaintiff.

34. Furthermore, when Plaintiff's disciplinary hearing proceeded on April 30, 2024 and earlier, Defendants Passino and Drapikowski provided evidence falsely accusing Plaintiff of disobeying a direct order. *Inter alia*, they falsely testified that Plaintiff was specifically ordered to refrain from providing notifications to unsuccessful candidates until he was contacted by Defendant Drapikowski and it was confirmed that Sheriff Shelley had successfully notified all successful candidates of their promotion. No such order was ever given, nor was such a practice previously imposed or followed.

35. On or about October 7, 2024, Defendant Hummel made a determination to condone the recommendation of the hearing officer finding Plaintiff guilty of the disciplinary charges and to impose the penalty of two demotions from Captain to Sergeant. Such conduct was pursuant to the discriminatory and retaliatory custom, policy and/or practice of Defendant County of Onondaga.

36. In addition to discriminatory and retaliatory discipline and demotions, Plaintiff has been subjected to a work environment which permits the use of derogatory statements, jokes, images, and other offensive conduct based on race, such as tolerating and even condoning corrections staff referring to inmates using the "n word." Because of this hostile and discriminatory environment, Plaintiff was

constructively discharged from employment with the Sheriff's Office on or about October 30, 2024.

37. Plaintiff was a civil service employee and a member of the Onondaga County Sheriff's Captain's Association and employees as such are protected by the contract in effect entered into by Defendant Onondaga County (Sheriff's Office) with its employees. Such contract provides for the fair and equal treatment in matters of pay and terms and conditions of employment without regard to gender, race, age, or other classification. The treatment of Plaintiff was rife with discriminatory and retaliatory animus as well as reckless disregard for the guarantees of equal protection without regard to race or opposing discrimination.

38. The above actions and omissions are in violation of the New York State Human Rights Law and laws prohibiting discrimination and violation of civil rights. Defendants have participated in, allowed, condoned, and/or maintained a long-standing custom, policy, and practice of allowing the harassment, retaliation, and hostile treatment and discrimination against Black employees and employees who complain of discrimination.

39. Defendants foster an atmosphere of discrimination, retaliation, hostility, and harassment. Defendants, through both direct and constructive knowledge, have deliberately, recklessly and/or negligently participated in such acts and/or failed to cease or discourage such practices. Despite knowledge of such practices and treatment, Defendants deliberately and/or recklessly failed to correct, eliminate, or cease such practices nor seek good faith solutions to said practices.

40. Instead, Defendants have encouraged, approved, continued, expanded, concealed, and participated in the hostile, illegal, discriminatory, and unconstitutional practices to the detriment and injury of Plaintiff by denying him and others equal terms and conditions of employment.

41. As set forth above, Defendants acted with malice or with reckless disregard for Plaintiff's contractual and civil rights, causing him to suffer, *inter alia*, embarrassment, humiliation, degradation, anxiety, stress, loss of pay, loss of benefits, harm to reputation and good name, insomnia, anger, family discord, headaches, nervousness, loss of appetite, and pain. The acts of Defendants have injured Plaintiff and subjected him to extreme emotional harm and injury; he is entitled to compensation therefor.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO TITLE VII AGAINST DEFENDANT
## COUNTY OF ONONDAGA FOR
## DISCRIMINATION BASED ON RACE

42. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 41 above as if set forth fully herein.

43. By engaging in the foregoing conduct, Defendant violated rights guaranteed to Plaintiff under Title VII in that Plaintiff was subjected to disparate treatment, retaliation, a hostile work environment, constructive discharge, and otherwise discriminated against in matters relating to his employment because of race.

44. Plaintiff sustained damages by reason of Defendant's wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SECOND CAUSE OF ACTION**
**PURSUANT TO THE NEW YORK HUMAN RIGHTS LAW**
**AGAINST DEFENDANT COUNTY OF ONONDAGA**
**FOR DISCRIMINATION BASED ON RACE**

45. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 44 above as if set forth fully herein.

46. By engaging in the foregoing conduct, Defendants violated rights guaranteed to Plaintiff under the New York Human Rights Law in that Plaintiff was subjected to disparate treatment, retaliation, a hostile work environment, constructive discharge, and otherwise discriminated against in matters relating to his employment because of race.

47. Plaintiff sustained damages by reason of Defendant's wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A THIRD CAUSE OF ACTION**
**PURSUANT TO THE NEW YORK HUMAN RIGHTS LAW**
**AGAINST DEFENDANTS SHELLEY, DRAPIKOWSKI, PASSINO, HUMMEL,**
**AND DOES FOR DISCRIMINATION BASED ON RACE**

48. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 47 above as if set forth fully herein.

49. Defendants Shelley, Drapikowski, Passino, Hummel, and Does, pursuant to their authority to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law. Alternatively, said Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law. § 296(6) and therefore their discrimination is unlawful.

50. Said Defendants violated rights guaranteed to Plaintiff under the Human Rights Law in that they subjected, or aided and abetted others in subjecting, Plaintiff to

disparate treatment, retaliation, a hostile work environment, constructive discharge and otherwise discriminated against Plaintiff in matters relating to his employment because of race.

51. Plaintiff sustained damages by reason of Defendants' wrongful actions and omissions and is entitled to compensation therefor.

### AS AND FOR A FOURTH CAUSE OF ACTION
### PURSUANT TO 43 U.S.C. § 1983 AGAINST ALL DEFENDANTS
### FOR DISCRIMINATION BASED ON RACE IN VIOLATION OF
### THE FOURTEENTH AMENDMENT

52. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 51 above as if set forth fully herein.

53. Defendants County of Onondaga, Shelley, Drapikowski, Passino, Hummel, and Does violated rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that they committed acts of discrimination and/or personally participated in the disparate treatment of, continuation of a hostile work environment, constructive discharge, and other discrimination against Plaintiff in matters relating to his employment because of his race.

54. Plaintiff sustained damages by reason of Defendants' wrongful actions and omissions and is entitled to compensation therefor.

### AS AND FOR A FIFTH CAUSE OF ACTION
### PURSUANT TO TITLE VII AGAINST DEFENDANT
### COUNTY OF ONONDAGA FOR RETALIATION

55. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 54 above as if set forth fully herein.

56. By engaging in the foregoing conduct, Defendant violated rights guaranteed to Plaintiff under Title VII in that Plaintiff was retaliated against for opposing discrimination.

57. Plaintiff sustained damages by reason of Defendant's wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SIXTH CAUSE OF ACTION
PURSUANT TO THE NEW YORK HUMAN RIGHTS LAW
AGAINST DEFENDANT COUNTY OF ONONDAGA
FOR RETALIATION**

58. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 57 above as if set forth fully herein.

59. By engaging in the foregoing conduct, Defendant violated rights guaranteed to Plaintiff under the Human Rights Law in that Plaintiff was retaliated against for opposing discrimination.

60. Plaintiff sustained damages by reason of Defendant's wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SEVENTH CAUSE OF ACTION
PURSUANT TO THE NEW YORK HUMAN RIGHTS LAW
AGAINST DEFENDANTS SHELLEY, DRAPIKOWSKI, PASSINO, HUMMEL,
AND DOES FOR RETALIATION**

61. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 60 above as if set forth fully herein.

62. Defendants Shelley, Drapikowski, Passino, Hummel, and Does, due to their power to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law.

Alternatively, said Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law § 296(6) and therefore their retaliation is unlawful.

63. Said Defendants violated rights guaranteed to Plaintiff under the Human Rights Law in that they subjected, or aided and abetted others in subjecting, Plaintiff to retaliation and disparate treatment in matters relating to his employment because of his opposition to discrimination.

64. Plaintiff sustained damages by reason of Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR AN EIGHTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS
FOR RETALIATION IN VIOLATION OF
THE FIRST AND FOURTEENTH AMENDMENTS**

65. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 64 above as if set forth fully herein.

66. By engaging in the foregoing conduct, Defendants violated rights guaranteed to Plaintiff under the First and Fourteenth Amendments to the United States Constitution in that Plaintiff was retaliated against for opposing race discrimination in public employment and expression on matters of public concern.

67. Plaintiff sustained damages by reason of Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A NINTH CAUSE OF ACTION
PURSUANT TO NEW YORK COMMON LAW
AGAINST DEFENDANTS SHELLEY, DRAPIKOWSKI, PASSINO, HUMMEL,
AND DOES FOR TORTIOUS INTERFERENCE**

68. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 67 above as if set forth fully herein.

69. By their aforementioned actions and omissions, Defendants intentionally interfered with Plaintiff's employment with the County of Onondaga and the Collective Bargaining Agreement between Defendant County and the Onondaga County Sheriff's Captain's Association.

70. Plaintiff sustained damages by reason of Defendants' wrongful actions and omissions and is entitled to compensation therefor.

<b>AS AND FOR A TENTH CAUSE OF ACTION<br>PURSUANT TO NEW YORK COMMON LAW<br>AGAINST DEFENDANTS SHELLEY, DRAPIKOWSKI, PASSINO,<br>HUMMEL, AND DOES FOR <i>PRIMA FACIE</i> TORT</b>

71. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 70 above as if set forth fully herein.

72. Defendants intended to inflict harm upon the pecuniary interests of Plaintiff by engaging in the aforementioned actions and omissions.

73. Defendants had no legal justification or excuse to act in such manner and their actions and/or omissions were unlawful.

74. The aforementioned acts and/or omissions of Defendants were intended to cause harm and injury to Plaintiff.

75. Plaintiff sustained damages by reason of Defendants' wrongful actions and is entitled to compensation therefor.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, jointly and severally, as follows:

a. an Order enjoining Defendants from further violating Plaintiff's rights and providing the following injunctive relief:

      i. Order Defendants to return Plaintiff to the Captain position and reimburse him for lost pay and benefits;

      ii. Require Defendants to review and correct all unconstitutional and discriminatory treatment and conduct within the Onondaga County Sheriff's Department;

      iii. Provide equal training, opportunities, terms, benefits, and pay to Black employees in the Onondaga County Sheriff's Department;

      iv. Mandate training and educational programs for employees about discrimination and retaliation; and

      v. Require annual reports demonstrating efforts and success at compliance in providing a discrimination and retaliation-free workplace.

b. compensatory damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

c. punitive damages as against the individual Defendants in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

d. attorney's fees, costs, and disbursements of this action; and

e. such other and further relief the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: February 26, 2025
      at Blossvale, New York                    s/A.J. Bosman

                                                  A.J. Bosman, Esq.
                                                  Robert Strum, Esq.
                                                  Bosman Law, LLC
                                                  *Attorneys for Plaintiff*
                                                  3000 McConnellsville Road
                                                  Blossvale, New York 13308
                                                  Tel. (315) 820-4417